## Orton et al. v. Jordan, Administratrix

*Reed & Spofford,* for plaintiffs.
*Hosbach & Good,* for defendant.

EVANS, J., December 22, 1945.—This matter is before the court on a motion for a more specific statement of claim in an action brought to recover damages as the result of an automobile accident which occurred in Erie County on U. S. Route 20 on October 3, 1944.

Paragraph 4 of plaintiffs' statement is objected to for the reason that there is an allegation of negligence on the part of defendant in driving his automobile at a high and dangerous rate of speed without any actual rate of speed being designated.

What is a high and dangerous rate of speed so as to constitute negligence in the operation of one's automobile depends upon the circumstances, and in connection with the averments as to the circumstances the rate of speed alleged to be improper must be averred, otherwise the averment is merely a legal conclusion and not a pleading of fact.

Further objection is made to paragraph 7 for the reason that there is an allegation of reduction in

earning capacity of plaintiff Laird E. Orton without setting forth the earning capacity of said plaintiff at the time of his injury.

Where there is a claim for reduced earning capacity the statement must set forth the occupation of plaintiff at the time of the injury and the manner in which his earning power has been reduced as a result of the accident. The amended statement should include an averment to meet this objection.

Further objection is made to paragraph 10 in that the averment of accumulated bills is stated as being at least $200 for doctor, hospital, ambulance, medical and other bills without allocating any amount to each of these items and without statement as to whether or not they were actually paid.

This objection is well taken and the amended statement should supply the deficiencies raised by said objection.

In our opinion the allegations in paragraphs 5, 6, 8, 11, 12 and 14 are sufficient and the objections taken thereto are without merit.

Plaintiffs contend generally that the motion for more specific statement comes too late, having been filed several months after the statement of claim was a matter of record and the case was placed on the trial list.

Motions to strike off a statement of claim must be filed within 15 days, but there is no such provision either in the acts of assembly or our rules of court placing this limitation upon motions such as that which was filed in this case. The amended pleading may be filed in ample time to permit this case to retain its position on the January 1946 trial list.

And now, to wit, December 22, 1945, the rule to show cause, granted November 23, 1945, on the motion for more specific statement of claim, is made absolute with respect to Paragraphs 4, 7 and 10 of the statement of claim and plaintiffs are required, with respect

thereto, to file an amended statement of claim within 15 days. With regard to the objections to paragraphs 5, 6, 8, 11, 12 and 14 of the statement of claim, the rule to show cause is discharged.